LAMBERT, J., JUDGE:
James Gerald Embry appeals from the Hardin Circuit Court Order revoking probation. We affirm.
In 2005 Embry entered a plea of guilty to flagrant nonsupport for child support arrearages ($6,395.08) from 1993 to 2005. His sentence of four years was probated for five years on the condition that he satisfy the arrearage (which by the time of sentencing totaled $7,522.08). Embry has six children by three different women: at the time of the revocation hearing, Child One was 23 years old; Child Two and Child Three were 18 and 16 years old; Child Four, Child Five, and Child Six were 12, 10, and 9 years old and lived with their mother in Arkansas.[1] Embry has three separate child support cases; this appeal solely concerns Child One.
Embry made random payments over the years but never satisfied his arrearages, and he failed to keep current his address with the child support office. Bench warrants had been issued for his arrest in 2007 and 2010, by which time Embry's arrearages were nearly $13,000.00. A hearing was held in 2010. Embry was allowed to continue on his probation, but not a single payment was made since October 2007. He had been living at a Salvation Army shelter at the time of his 2017 arrest for the probation violation. His child support arrearage on Child One was nearly $15,000.00 at the time.[2]
*362 At the May 2017 hearing, Embry stated that he was 47 years old. He said he had stopped working because of pain issues resulting from a motor vehicle accident he sustained in 2003. He testified that he qualified for disability and was eligible for a pension from some union work he had performed in the past, but he never applied for either of those sources of income until just prior to the 2017 hearing. Embry mentioned confusion over his wage assignment, stating that he thought the amount withheld was going toward all three support cases. But he never made the effort to confirm the account numbers listed on his pay stubs. When asked why he failed to support Child One yet went on to start two additional families, Embry stated, "Life happens, your honor."
The circuit court questioned Embry extensively about his work, family, and medical histories, as well as the status of his applications for disability and pension benefits. Embry's response to the circuit court regarding the delay in seeking benefits (Embry was not claiming a new or intervening injury, simply deterioration in his spinal column from the 2003 accident) was "hard head." Embry told the circuit court that he believed that he would be able to work part-time after receiving his benefits and be able to make payments toward his arrearage. He claimed to have the promise of a job through a staffing agency and named other possibilities of employment that he had found by doing an online job search while in jail. But he could not explain his past failure to support Child One in spite of having been granted multiple opportunities to do so after prior hearings in Hardin Circuit Court. Embry stated that he simply wanted "to live like a normal person like [he] used to 25 years ago."
After closing arguments by counsel for both parties, the circuit court announced its decision to revoke Embry's probation and made findings of fact (orally at the hearing's conclusion and written in the court's resulting order) upon which it based this decision. Embry appealed, arguing that the evidence was insufficient to prove that he could not be managed in the community and that he posed no danger to the victim or the community, necessitating that lesser sanctions be imposed. We disagree.
Kentucky Revised Statutes (KRS) 439.3106 states that defendants on probation shall be subject to:
(1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
(2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.
It is Embry's position that the circuit court failed to comply with the statute's directives and post-enactment case law.[3] See Commonwealth. v. Marshall , 345 S.W.3d 822, 834 (Ky. 2011) ; Commonwealth v. Andrews , 448 S.W.3d 773 (Ky. 2014) ; and McClure v. Commonwealth , 457 S.W.3d 728 (Ky. App. 2015).
There is no dispute that Embry failed to make his required child support payments, a condition of his probation. KRS 439.3106(1). It was then incumbent upon Embry to establish "that he made *363 bona fide efforts to comply with payment conditions but was unable to do so through no fault of his own." Marshall , 345 S.W.3d at 834. Embry's evidence regarding his efforts to pay was weak at best. As already stated, there had been no child support payments for Child One in ten years, a fact for which the circuit court found that Embry offered no credible explanation. Embry's self-serving statements that he was confused by the child support case numbers and that he had mailed money orders (but could offer no evidence that he had) were not convincing to the circuit court. Thus, we find no error in the circuit court's finding that no bona fide efforts were made by Embry. Id.
Embry asserts that his behavior did not "constitute[ ] a significant risk to prior victims ... or the community at large." KRS 439.3106(1). The circuit court held otherwise. In its oral findings at the hearing's conclusion the court found Embry's behavior "egregious and intentional." By the time Child One was eleven years old, Embry was over $7,000.00 in arrearages toward support. "That child is a victim," stated the court, as was the Commonwealth of Kentucky for monies spent on the Child's behalf when Embry failed to provide. The circuit court's order revoking probation stated: "The Defendant's lack of effort causes continued financial loss. His conduct will subject other children to same deprivation given long out-of-state absences and lack of any real effort; community supervision has and will continue to fail."
"Though the statute clearly requires entry of a finding of 'significant risk,' surely it cannot be further read to require a probationer to commit some heinous act before he can be found to be a risk to someone other than himself. We sincerely doubt the General Assembly intended to set so high, and potentially injurious, an evidentiary burden." McClure , 457 S.W.3d at 733. We find the circuit court's finding to this effect supported by the evidence presented at the hearing, and we decline to disturb it.
Embry's argument that lesser sanctions should have been imposed is also refuted by the record. As the circuit court stated, probation had been imposed more than 12 years prior, and was extended on at least two occasions; at every opportunity, Embry promised to have "a plan" to make payments. He failed to make payments and he failed to maintain employment and a current address with the child support office.
"Nothing in the statute or in the Supreme Court's interpretation of it [in Andrews ] requires the trial court to impose lesser sanctions prior to revoking probation. Hence, the statute did not require the present trial court to impose a lesser sanction on [the appellant]." McClure , 457 S.W.3d at 732.
"A decision to revoke probation is reviewed for an abuse of discretion. Commonwealth v. Lopez , 292 S.W.3d 878 (Ky. 2009). Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.' Commonwealth v. English , 993 S.W.2d 941, 945 (Ky. 1999)." Andrews , 448 S.W.3d at 780. We find no abuse of discretion in the revocation of Embry's probation.
The order of the Hardin Circuit Court is affirmed.
ALL CONCUR.

Embry stated that the child support case on Child Two and Child Three (Jefferson County, Kentucky) is now closed. The case in Arkansas remains open.

The exact amount owed is $14,734.60. Payments stopped accruing on Child One's 18th birthday. The Commonwealth is not seeking interest on the arrearage.

The statute's effective date was June 8, 2011.