RENDERED: JULY 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0963-MR

JAMES JUSTIN BREWER                                          APPELLANT

v.
APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 18-CR-00606

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND L. THOMPSON, JUDGES.

CETRULO, JUDGE: James Justin Brewer ("Brewer") appeals from the Boyd

Circuit Court's revocation of diversion and imposition of a five-year sentence for

flagrant non-support. He argues that the trial court committed palpable error when

it revoked his diversion after he failed to abide by the terms of his diversion. After

careful consideration, we vacate and remand.

## I. BACKGROUND

In June 2019, Brewer pled guilty to flagrant non-support and was sentenced to five years' imprisonment, diverted for five years, on the condition that he comply with the diversion agreement. This agreement placed him on unsupervised probation and required him, in pertinent part, to pay his child support arrearage of $2,304 through monthly payments of $38.40 for 60 months.

In August 2019, the Commonwealth made a motion to remove Brewer from diversion for failure to make payments. At the hearing one month later, Brewer paid $120, and the Commonwealth withdrew its motion, agreeing to monitor Brewer according to the terms of his diversion.

In November 2019, the Commonwealth again made a motion to remove Brewer from diversion for failure to make payments. Brewer failed to appear for the hearing, and a bench warrant was issued. Brewer was arrested in January 2020, and at a February 2020 hearing, Brewer was held in contempt. The trial court sentenced him to 35 days to serve, to pay $250 that day, another $250 in two weeks, and to make future payments on the arrears.

In June 2021, the Commonwealth, for the third time, made a motion to remove Brewer from diversion for failure to make payments. The trial court held a termination hearing in August 2021 ("August 2021 Hearing"). At that August 2021 Hearing, the Commonwealth called one witness, Lindsay Blair, a

caseworker with the Boyd County Child Support Office ("CW Blair"). CW Blair testified that Brewer's current arrearage on his child support obligation was $8,993 and that his last payment was a tax intercept in July 2020. She also testified that she did not know of any reason Brewer could not pay his child support obligation, nor did she have knowledge of other active child support obligations for Brewer.

At the August 2021 Hearing, Brewer testified on his own behalf. Brewer's defense counsel asked him if he had another case involving child support, to which Brewer answered "yes." Counsel then asked, "Do you recall the payment history in that matter?" As Brewer was answering, the Commonwealth objected, arguing relevance. The judge sustained, saying, "that has no relevance to this case." The August 2021 Hearing continued with Brewer testifying that he had been incarcerated since February 2021. No further testimony or evidence was presented on Brewer's behalf.

The following week, on August 11, 2021, the trial court entered a written order removing Brewer from diversion and imposing the five-year sentence. In its order, the trial court stated, in part:

> It is clear that Mr. Brewer cannot comply with the terms of his diversion agreement. He has been given ampl[e] opportunity through progressive discipline to attempt to comply. He refuses. There is no effort on the part of Mr. Brewer as no payments even of some small amount were made since July of last year. As a result, Mr. Brewer is unable to be managed in the community on his diversion. The difficulty in bringing him before the Court is

-3-

evidenced as evidenced [sic] in the record also reflects a danger to the community because he fails to comply with known court orders. As a result, the diversion of Mr. Brewer is revoked, and he is sentenced to five years active time. He is remanded to the Department of Corrections for imposition of that sentence.

This appeal followed.

## II. STANDARD OF REVIEW

On appeal, Brewer argues (1) the trial court failed to make the requisite findings of fact under *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983), and *Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky. 2011); and (2) there was not sufficient evidence in the record to make the required findings under KRS[1] 439.3106(1). Brewer states that both issues were not properly preserved, and therefore, asks this Court to review for palpable error pursuant to RCr[2] 10.26.

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

RCr 10.26.

---

[1] Kentucky Revised Statute.

[2] Kentucky Rule of Criminal Procedure.

We consider an error palpable "only if it is clear or plain under current law[.]" *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009). "[W]hat a palpable error analysis 'boils down to' is whether the reviewing court believes there is a 'substantial possibility' that the result in the case would have been different without the error." *Roberts v. Commonwealth*, 410 S.W.3d 606, 610 (Ky. 2013) (citing *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006)).

## III. ANALYSIS

### A. Findings under *Bearden* and *Marshall*

First, Brewer argues the trial court failed to make the requisite findings of fact under *Bearden* and *Marshall*. Specifically, he argues the court failed to determine the *reasons* for his failure to pay.

In *Bearden*, the U.S. Supreme Court determined that while poverty does not immunize a person from punishment, neither can poverty be the sole justification for imprisonment. *Bearden*, 461 U.S. 660, 103 S. Ct. 2064. "[I]f the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it." *Id.* at 667-68, 103 S. Ct. at 2070. The *Bearden* Court held that before revoking probation, a sentencing court *must determine reasons for the failure to pay*. *Id.* at 672, 103 S. Ct. at 2073. The *Bearden* Court distinguished

-5-

between a person who refused to pay and one who cannot, despite bona fide efforts, pay restitution[3] or fines.

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.

*Id.* at 672, 103 S. Ct. at 2073.

In 2011, the Kentucky Supreme Court elucidated upon *Bearden*. In *Marshall*, the Supreme Court consolidated two flagrant non-support cases for discretionary review. Randy Marshall ("Marshall") and Mark Johnson ("Johnson") each entered guilty pleas to charges of flagrant non-support in Graves Circuit Court. *Marshall*, 345 S.W.3d at 823. Both Marshall and Johnson accepted plea agreements that conditionally discharged their sentences, but later the Commonwealth moved to revoke their conditional discharge for failure to comply

---

[3] This Court determined that money owed for past due child support constitutes "restitution" within the meaning of KRS 532.350(1). *Gamble v. Commonwealth*, 293 S.W.3d 406, 410 (Ky. App. 2009).

with the child support payment conditions. *Id.* By the time of their hearings, Marshall and Johnson had each failed to make any payments for more than a year and were thousands of dollars behind on their support obligations. *Id.* at 824. At the revocation hearings, the trial court allowed Marshall and Johnson to present evidence to explain their failure to make the required payments, but this Court found the trial court's findings inadequate. This Court vacated the orders revoking probation and the Supreme Court of Kentucky agreed. The trial court needed to determine "(1) whether each defendant had made sufficient bona fide efforts to make payments but was unable to do so from no fault of his own and, if so, (2) whether alternatives to incarceration would suffice to accomplish the Commonwealth's punishment and deterrence objectives." *Id.* at 833. The *Marshall* Court found that lack of payment alone is not sufficient to prove a willful refusal to pay. *Id.* The trial court must specifically identify the evidence it relies upon in making these determinations on the record, as well as the specific reason(s) for revoking probation on the record. *Id.* at 833-34.

Here, the Commonwealth points out that Brewer remitted payments only after motions to remove him from diversion had been made. The Commonwealth argues that termination of diversion was appropriate because Brewer failed to make payments in accordance with his diversion agreement. The trial court agreed, pointing out that "[t]he only payment that Mr. Brewer made in

2020 . . . was by way of a tax intercept. No payments have be[e]n made since July 31, 2020." However, the trial court did not inquire as to *why* Brewer did not pay. There was no evidence presented about whether or not Brewer was employed at the time of the August 2021 Hearing,[4] his level of education, any health reasons preventing or limiting employment, or if the COVID-19 pandemic affected his ability to find employment. In fact, the record suggests that the court stopped Brewer from explaining why he had not made the required payments. At the August 2021 Hearing, the record suggests that Brewer's legal counsel was attempting to explain why he had not paid – possibly because he was paying on another child support case[5] – but the court ended that line of questioning, sustaining the Commonwealth's objection as to relevance. However, *where* Brewer was spending his money, *if* he was sending money somewhere, is part of the analysis as to whether "the probationer has made sufficient bona fide efforts to

---

[4] On September 5, 2019, Brewer's attorney stated on the record, "I think he's having trouble getting on his feet a little bit, but I think going forward he knows how serious this obligation is, so if we could give him a bit more time." On February 6, 2020, before appointing legal counsel, the court asked Brewer if he had gainful employment. Brewer replied, "I'm hitting and missing right now . . . winter months . . . it's been difficult." The court asked if he owned real estate, a vehicle or bank account, to which Brewer answered in the negative for each. On July 1, 2021, again before appointing legal counsel, the court asked Brewer if he had a job, real estate, a vehicle or bank account. To each, Brewer again answered "no." However, at the August 2021 Hearing, the court did not repeat any of these questions nor ask Mr. Brewer any questions regarding his employment status.

[5] The record reflects Brewer did have another child support case; on June 20, 2019, the trial court conducted a combined guilty plea hearing for this case (18-CR-00606, Boyd County) and a companion case involving a different child (18-CR-00607, Boyd County).

pay but has been unable to pay through no fault of his own[.]" *Marshall*, 345 S.W.3d at 823-24.

The Commonwealth argues that Brewer bore the burden of proving he was unable to make payment through no fault of his own. "Brewer's testimony was brief, and he did not allege that he had been unable to make the payments or to find sufficient employment." The Commonwealth points to the *Marshall* Court: "[W]e have not been cited to any authority, nor do we know of any, that requires the Commonwealth to bear the burden of proving the reasons Gamble failed to make such payments. This is a matter that would be within the knowledge of Gamble himself." *Marshall*, 345 S.W.3d at 834 (quoting *Gamble*, 293 S.W.3d at 411). We agree that "the probationer bears the burden of persuading the trial court that he made bona fide efforts to comply with payment conditions but was unable to do so through no fault of his own." *Id.* at 834 n.49. However, "[t]*he trial court must afford the probationer an opportunity to present evidence of reasons for nonpayment* but may focus consideration on post-plea changes if defendant entered a guilty plea to flagrant nonsupport, particularly where he agreed to make payments under a plea agreement." *Id*. (emphasis added). Here, the trial court stopped Brewer from presenting evidence of his reasons for non-payment.

The Commonwealth argues that Brewer cannot "plausibly claim that there is a substantial possibility of a different outcome if the [August 2021

Hearing] had been somehow conducted differently" because he is "an apparently healthy, 41-year-old male who has never alleged any physical or mental infirmities." The Commonwealth argues that Brewer's apparent health and workability distinguishes this case from others recently before this Court, citing *Lainhart v. Commonwealth*, 534 S.W.3d 234 (Ky. App. 2017). In *Lainhart*, Sonya Lainhart pleaded guilty to flagrant non-support for which she was placed on felony diversion for five years and ordered to pay arrears. *Id.* at 236. Lainhart testified that she only made ten payments over two years[6] because she had serious health conditions and a doctor had placed her on complete work restriction. *Id.* She also stated that her lack of education and a felony on her criminal record made finding work difficult. *Id.* "Following Lainhart's testimony, the court found that Lainhart had entered into a diversion agreement, failed to pay, and could not effectively be managed in the community because she did not 'do what she was supposed to do'. . . . The court concluded that Lainhart could not be managed in the community because she 'won't do as she agreed.'" *Id.* However, this Court vacated and remanded for further findings, in part, because "[t]he [trial] court . . . failed to make a finding on the record regarding whether the nonpayment was willful, and if not, whether alternative measures would adequately serve the

---

[6] Lainhart admitted that her parents actually made all the payments because she was unable to work. *Lainhart*, 534 S.W.3d at 236.

Commonwealth's interests. To deprive Lainhart of her conditional freedom without making such findings was a violation of due process." *Id.* at 239. This Court found that violation resulted in a manifest injustice and was therefore palpable error. *Id.* However, Brewer's possible good health does not negate a trial court's duty to determine his reasons for non-payment.

There was no evidence presented at the August 2021 Hearing showing Brewer was unwilling to pay his child support obligations, only that he failed to do so. Failing to make findings on the record – as mandated by *Bearden* and *Marshall* – deprives Brewer of his conditional freedom and was a violation of due process. That violation resulted in a manifest injustice and was therefore palpable error. On remand, the trial court is directed to find whether Brewer made a sufficient bona fide effort to pay his child support obligations but was unable to do so through no fault of his own. If so, the trial court must determine whether alternative punishments would accomplish the Commonwealth's punishment and deterrence objectives. As in *Mbaye v. Commonwealth*, 382 S.W.3d 69, 72 (Ky. App. 2012), "we note that the trial court may very well reach the same result and that remanding this for additional findings may appear to be an inconsequential use of judicial time and effort." We recognize that plea agreements such as Mr. Brewer was offered should be enforced and defendants should not escape responsibility for failing to comply with a condition they agreed to and the Court

-11-

permitted. *Marshall*, 345 S.W.3d at 830. Nonetheless, we are compelled to follow *Bearden* and *Marshall*, as is the trial court.

## B. Findings under KRS 439.3106

Diversion termination proceedings are handled the same as probation revocation proceedings. KRS 533.256(2). Therefore, this Court must address whether the trial court also considered the provisions of KRS 439.3106 before termination. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). KRS 439.3106(1) states that defendants on probation shall be subject to:

> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

Focusing on KRS 439.3106(1)(a),[7] Brewer argues that the record does not support the trial court's finding that (1) Brewer was a significant risk to the community and (2) could not be managed in the community. We agree, in part.

---

[7] KRS 439.3106(1) includes the conjunction "or" and therefore the statute requires satisfaction of *either* (a) or (b), not both. Therefore, we need not address KRS 439.3106(1)(b).

-12-

This Court may look at both the written and oral records to determine if the trial court addressed the statutory criteria. *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019). Additionally, we appreciate that deference must be given to the trial court's adjudications in diversion terminations and probation revocations.

> While KRS 439.3106(1) indubitably requires entry of two vital findings of fact, it does not do so at the expense of the trial court's discretion over the broader matter of revocation. *Andrews* at 780. Accordingly, the importance of certain facts is not ours to weigh on appeal, but is properly left to the trial court's exclusive discretion. Our proper role is merely to evaluate the sufficiency of the evidence and whether an abuse of the trial court's discretion occurred. To hold, or to do, otherwise would be to invade the province of fact finding best occupied by our trial courts.

*McClure v. Commonwealth*, 457 S.W.3d 728, 734 (Ky. App. 2015). However, despite that deference, the trial court is still required to make express findings as to KRS 439.3106. *Hall v. Commonwealth*, 566 S.W.3d 578, 581 (Ky. App. 2018). "There must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015).

First, Brewer challenges the trial court's finding that he was a significant risk to the community. The trial court found Brewer is "a danger to the

community because he fails to comply with known orders." The trial court referenced the "difficulty in bringing him before the Court" and his failure to abide by the terms of his diversion, *i.e.*, non-payment of his child support obligations. However, Brewer argues, "[t]he trial court failed to articulate how Mr. Brewer's failure to appear one time to court on November 20, 2019, made him a danger to the community on August 5, 2021, much less a *significant* risk to the community, as required by statute." It is true that a probationer need not commit some "heinous act" before he can be found to be a significant risk. *McClure*, 457 S.W.3d at 733. However, here we find very little in the record, heinous or minor, to support a finding that Brewer was a significant risk to the community.

The August 2021 Hearing – terminating Brewer's diversion and imposing a sentence of five years – lasted four minutes and 34 seconds. CW Blair testified for two minutes and 22 seconds; within that short amount of time, she recited Brewer's arrears but did not have knowledge of Brewer's second child support case. Next, Brewer testified on his own behalf for one minute and 10 seconds. At the beginning of his testimony, Brewer was stopped from answering questions proposed by his legal counsel. After Brewer's short testimony, the court ended the August 2021 Hearing without asking any questions.

Recently, this Court affirmed a revocation where the probationer willfully and repeatedly failed to pay child support, but in that termination hearing,

the trial court questioned the probationer "extensively about his work, family, and medical histories[.]" *Embry v. Commonwealth*, 561 S.W.3d 360, 362 (Ky. App. 2018). Here, the record does not reflect any additional criminal history beyond Brewer's failure to pay; no evidence was given to show Brewer had a tendency toward violence, combativeness with the court, drug addiction, or had made threats to the child, the child's mother or the community at large; the record does not reflect whether Brewer failed to keep an updated address with the child support office or evidence that his prior failure to appear was a willful avoidance of the court; nor was evidence presented to suggest Brewer was at risk of future criminal behavior. The trial court must make the requisite findings of fact to determine if Brewer would pose a significant risk. *Andrews*, 448 S.W.3d at 780. Precedent tells us that "perfunctorily reciting the statutory language in KRS 439.3106 is not enough." *Helms*, 475 S.W.3d at 645. Accordingly, we must agree with Brewer that the trial court did not make findings, in either its written or oral rulings, sufficient to show he constituted a significant risk to the community at large pursuant to KRS 439.3106(1)(a).

Second, Brewer argues that the trial court solely relied upon Brewer's failure to pay child support to determine that he could not be managed in the community. Brewer argues that he *was* being successfully managed in the community because his failure to appear was almost two years prior to the August

-15-

2021 Hearing, and he served 35 days and paid $500 after that failure to appear. The Commonwealth points out that despite the graduated sanctions, including jail time for contempt, Brewer was still not sufficiently motivated to pay his child support obligations. In fact, his only payments on the arrears came after an arrest or tax intercept. The trial court found that Brewer "has been given ampl[e] opportunity through progressive discipline to attempt to comply. He refuses. There is no effort on the part of Mr. Brewer as no payments even of some small amount were made since July of last year. As a result, Mr. Brewer is unable to be managed in the community on his diversion." We agree.

Accordingly, in considering oral and written findings together, the record supports the Boyd Circuit Court's findings that Brewer could not be managed in the community. However, the Boyd Circuit Court's findings were inadequate as to the determination that Brewer is a significant risk to the community. Therefore, under the palpable error standard of review, the trial court's decisions must be vacated for full consideration of the statutory criteria and the entry of appropriate findings. *Walker v. Commonwealth*, 588 S.W.3d 453, 459 (Ky. App. 2019). On remand, a new diversion termination hearing must be held before the Boyd Circuit Court at which time counsel may present testimony and make arguments as to why Brewer's diversion should not be terminated. We express no opinion on the ultimate merits. Again, while we believe that there is a

-16-

"substantial possibility" that the result would have been different but for the error, that is ultimately a decision for the trial court. *McClure*, 457 S.W.3d at 734. *See also Andrews*, 448 S.W.3d at 780.

## IV.   CONCLUSION

For the foregoing reasons, we VACATE the order of the Boyd Circuit Court terminating Brewer's diversion and REMAND for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Dupree
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky