RENDERED:  OCTOBER 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0745-MR

CRAIG COLLINS                                                                APPELLANT

v.      APPEAL FROM LOGAN CIRCUIT COURT
HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 20-CR-00248

COMMONWEALTH OF KENTUCKY                                 APPELLEE

AND

NO. 2022-CA-0746-MR

CRAIG COLLINS                                                                APPELLANT

v.      APPEAL FROM LOGAN CIRCUIT COURT
HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 20-CR-00324

COMMONWEALTH OF KENTUCKY                                 APPELLEE

AND

NO. 2022-CA-0747-MR

CRAIG COLLINS                                                    APPELLANT


                        APPEAL FROM LOGAN CIRCUIT COURT
v.               HONORABLE JOE W. HENDRICKS, JR., JUDGE
                        ACTION NO. 21-CR-00002


COMMONWEALTH OF KENTUCKY                            APPELLEE

AND


                        NO. 2022-CA-0749-MR

CRAIG COLLINS                                                    APPELLANT


                        APPEAL FROM LOGAN CIRCUIT COURT
v.               HONORABLE JOE W. HENDRICKS, JR., JUDGE
                        ACTION NO. 21-CR-00003


COMMONWEALTH OF KENTUCKY                            APPELLEE


                                OPINION
                        REVERSING AND REMANDING

                        ** ** ** ** **

BEFORE:  CETRULO, ECKERLE, AND GOODWINE, JUDGES.

GOODWINE, JUDGE:  In this consolidated appeal, Craig Collins appeals the

March 24, 2022, final judgment revoking his probation.  Collins argues that the

trial court abused its discretion when it revoked his probation because (1) it did not explain why he could not be appropriately managed in the community and why his actions made him a significant risk to the community at large and (2) it did not determine whether he had made bona fide attempts to make restitution payments but had been unable to do so through no fault of his own. After carefully reviewing the record and finding an abuse of discretion, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Collins was indicted three times by a Logan County grand jury and proceeded once by information, resulting in four separate criminal cases. On February 23, 2021, Collins pled guilty in all four cases.[1] In Case No. 20-CR-00248, Collins pled guilty to second-degree burglary. The Commonwealth recommended ten years imprisonment and restitution of $16,889.73.

In Case No. 20-CR-00324, Collins pled guilty to first-degree possession of a controlled substance (methamphetamine). The Commonwealth recommended one year. In Case No. 21-CR-00002, Collins pled guilty to possession of a controlled substance, possession or use of drug paraphernalia, and possession of marijuana. The Commonwealth recommended one year. In Case No. 21-CR-00003, Collins pled guilty to possession of a controlled substance

---

[1] Video Record (VR) 2/23/21, 15:05:00.

-3-

(methamphetamine) and possession of marijuana. The Commonwealth recommended one year.

The trial court accepted Collins's plea and the Commonwealth's recommendations and ordered Collins's sentences to run concurrently in part and consecutively in part for eleven years. The trial court probated Collins's eleven-year sentence for five years and ordered Collins to pay $16,889.73 in restitution in No. 20-CR-00248.

In November of 2021, Collins's probation officer wrote a Violation of Supervision Report stating that Collins admitted during two separate visits, once in May and once in October, to using methamphetamines and marijuana and requested Collins receive a verbal warning and outpatient treatment as sanctions. The probation officer left any further action to the trial court's discretion.

The trial court held a show cause hearing on November 4, 2021, focusing on Collins's failure to pay restitution.[2] The trial court found probable cause and scheduled Collins's probation revocation hearing for January 27, 2022.[3] At the revocation hearing, Collins's probation officer, Jessica Henderson, testified that Collins admitted to using meth and marijuana in May and October 2021. After the May use, she referred Collins to Life Skills for treatment. Following the

---

[2] Video Record 11/4/21, 8:11:00.

[3] Video Record 1/27/22, 9:44:00.

October admission, she filed the violation. A deputy circuit court clerk testified that Collins's bond of $2,357 was released toward restitution and that Collins had made three payments of $120 since then. Collins made no payments in approximately seven months.

The Commonwealth argued that it would not have recommended probation had it known Collins would not pay restitution. VR 1/27/22, 9:47:00. It said if Collins was paying restitution and having drug issues, it would favor ordering drug treatment as a graduated sanction. *Id.* at 9:48:00. The Commonwealth did not view drug use as a violation worthy of revocation. *Id.* The Commonwealth argued that Collins could not be supervised in the community. *Id.* However, it did not argue that Collins posed a significant risk to his prior victim or the community but did seek revocation. *Id.*[4]

Collins's defense attorney informed the trial court that Collins had money to pay that day. *Id.* at 9:49:30. He told the trial court he would pay $100 monthly. *Id.* at 9:50. The trial court asked Collins why he had not paid restitution, and Collins responded, "[b]ecause I didn't have the money to pay." *Id.* at 9:54.00. Collins said he spiraled out of control after attending the funeral of his 15-year-old

---

[4] In July 2022, the Commonwealth notified the trial court that Collins's restitution obligation was satisfied in its entirety by an insurance settlement. Collins filed a motion for shock probation. At the hearing, the Commonwealth argued that despite Collins's restitution obligation being satisfied, his motion for shock should be denied. The Commonwealth did not believe Collins could succeed on probation and requested the trial court deny the motion. The trial court agreed. VR 7/21/22, 16:06:00.

nephew, who was shot in the face. *Id.* at 9:57:00. The trial court said it was revoking Collins's probation. However, it did not say anything about Collins being unable to be appropriately managed in the community or posing a significant risk to his prior victims or the community.

The trial court wrote identical orders revoking Collins's probation in all four cases.[5] The order did not reference the restitution obligation nor Collins's failure to make payments. It included a line reading, "All oral finding[s] of fact[] made by the Court on the record are incorporated in the Order." R. at 52. Under "Conclusions of Law," the trial court put an "x" on a form, seemingly indicating that he considered the requirements of KRS[6] 439.3106. However, only one of the elements was completely referenced.[7] The line addressing the significant risk element was left blank. Following the entry of the order revoking probation, this appeal followed.

## ANALYSIS

Collins argues on appeal that the trial court erred in revoking his probation because he did not pose a significant risk to the community even though he violated his probation requirements. Collins further argues that the trial court

---

[5] The records are nearly identical in all four cases. We cite to the record in No. 2022-CA-0745. Record (R.) at 52.

[6] Kentucky Revised Statutes.

[7] *Id.*

-6-

abused its discretion when it relied on Collins's failure to pay restitution as a reason for revoking probation.

KRS 439.3106 states:

(1) Supervised individuals shall be subject to:

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes ***a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community***; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

(Emphasis added.)

We review a probation revocation claim for abuse of discretion. *Commonwealth v. Gilmore*, 587 S.W.3d 627, 629 (Ky. 2019). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Embry v. Commonwealth*, 561 S.W.3d 360, 363 (Ky. App. 2018) (citations omitted).

Collins asserts that his behavior did not "constitute[] a significant risk to prior victims . . . or the community at large[.]" KRS 439.3106(1). The statute requires entry of a finding of "significant risk." However, the statute does not "require a probationer to commit some heinous act before he can be found to be a risk to someone other than himself." *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015). The record supported a finding that Collins posed a "significant risk" and could not be managed within the community.

Collins pled guilty to burglary and use of controlled substances. He was granted the privilege of probation for the purpose of paying $16,899 restitution. His probation officer testified that he used controlled substances on two occasions. She recommended drug treatment after the first violation, but Collins used controlled substances again less than six months later. Though Collins paid some restitution, a deputy circuit clerk testified that he failed to make any payments for seven months. These facts constituted substantial support for the conclusion that a person who would continue using drugs he was forbidden to use under penalty of ten years in prison posed a significant risk to and was unmanageable within his community.

Despite this evidence in the record, the trial court failed to make the requisite statutory findings. Collins argues that the trial court failed to enter the appropriate statutory findings because it did not explain why he was a significant

risk. Following the probation revocation hearing, the trial court issued written

findings of fact:

> At a hearing held on January 27, 2022, the testimony of the Defendant's Probation Officer, Jessica Henderson, established by a preponderance of the evidence that the Defendant [] admitted prior to testing that [he] used Methamphetamine and Marijuana two times, which was in violation of the conditions of the defendant's probation. Based on the stipulation of facts by the parties, this Court finds by [a] preponderance of the evidence that the Defendant violated [the] conditions of his Probation by admitting and testing positive for Methamphetamine and Marijuana.

R. at 51. The order did not reference the restitution obligation or Collins's failure

to make payments, but continues:

> In determining whether to revoke the Defendant's probation or to assess a penalty or conditions other than revocation, the Court has considered the requirements of KRS 439.3106 and finds:
>
> _____such violation(s) constitute a significant risk to ____prior victims of the Defendant; or
>
> __x__the community at large (including the Defendant) and cannot be appropriately managed in the community; other: _____.
>
> . . . .
>
> . . . All oral finding[s] of facts made by the Court on the record are incorporated in the Order.

R. at 52.

"[W]e look to both the written and video record for evidence of whether the trial court specifically considered the criteria in KRS 439.3106[.]" *McClure*, 457 S.W.3d at 733 (internal quotation marks and citations omitted). Collins's counsel argues that the "x" on the order indicates the trial court's consideration of and compliance with the statutory requirements but that he did not explain "why" Collins posed a significant risk. However, we cannot make that assumption when the line addressing significant risk is clearly left blank.[8]

At best, the trial court's order is ambiguous, and we must find that the trial court failed to make any written or oral findings regarding "significant risk." His written findings related solely to community management. We disagree with Collins that the trial court erred by failing to state "why" he posed a significant risk. The trial court erred by failing to find a "significant risk." It would be best practice to state why a defendant is a significant risk, but it is not required.

Revoking a defendant's probation without making the requisite statutory findings is an abuse of discretion. We conclude that the trial court abused its discretion when it failed to make an essential statutory finding either in writing or from the bench. For this reason, the trial court's revocation of Collins's

---

[8] We recognize the desire to expedite preparing multiple, repetitive orders by either preparing a form to complete and attach to an order, or pre-typed language that is copied into the body of an order. However, the trial court must make its findings clear. Rather than rely on a pre-typed or pre-prepared form to check boxes or blanks, it is better to write out or type out the requisite findings to avoid a mistake of ambiguity by failing to check a requisite box.

probation in the absence of an essential factual finding, constituted an abuse of discretion. Thus, we reverse and remand for further findings which comply with KRS 439.3106 and this Opinion.

Next, Collins argues that the trial court abused its discretion when it relied on his failure to pay restitution as a reason for revoking probation without determining whether he made bona fide attempts to make payments but had been unable to do so through no fault of his own. Collins concedes this issue was unpreserved but requests a palpable review. RCr[9] 10.26.

Relief for an unpreserved error is warranted only "upon a determination that manifest injustice has resulted from the error." *Id.* Even if "an unpreserved error . . . is both palpable and prejudicial, [it] still does not justify relief unless the reviewing court further determines that it has resulted in a manifest injustice[.]" *Miller v. Commonwealth*, 283 S.W.3d 690, 695 (Ky. 2009). Evidence in the record reveals that Collins made some payments, had money to pay on the day of his probation revocation hearing, and has since satisfied the restitution obligation. Even if the trial court erred regarding the restitution, it was neither palpable nor prejudicial.

---

[9] Kentucky Rules of Criminal Procedure.

## CONCLUSION

Based on the foregoing analysis, the trial court's revocation of Collins's probation in the absence of an essential factual finding, constituted an abuse of discretion. Thus, we reverse and remand for further findings which comply with KRS 439.3106 and this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven J. Buck
Frankfort, Kentucky

BRIEFS FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky