RENDERED: SEPTEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0821-MR

CLARENCE JACKSON                                     APPELLANT

v.              APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NOS. 21-CR-00278 AND 22-CR-00159

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, LAMBERT, AND MOYNAHAN, JUDGES.

LAMBERT, JUDGE: Clarence Jackson appeals from the Boyd Circuit Court's

May 24, 2024, order revoking his probation and sentencing him to eight years'

imprisonment. After careful review of the record, briefs, and law, we affirm.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

On December 9, 2021, Jackson pled guilty to burglary, third degree,

and he was sentenced to three years to serve probated for three years with

supervision, with the supervision requirement terminating after only one year if he remained compliant. Boyd Circuit Court Action No. 21-CR-00278. As a condition of his probation, Jackson was ordered to complete a substance abuse assessment.

On January 3, 2022, The Division of Probation and Parole filed a violation of supervision report, alleging that Jackson had absconded by failing to contact the office since sentencing and that he had not submitted to the ordered assessment. Jackson failed to appear for the resulting show cause hearing, and a bench warrant for his arrest was executed on March 14, 2022. At the revocation hearing on March 31, 2022, Jackson admitted to the violation, and the court sentenced him to 20 days in jail, with credit for time served, and again ordered him to complete a substance abuse assessment.

On April 6, 2022, Probation and Parole filed a second violation of supervision report, alleging that Jackson had obtained a new misdemeanor charge for criminal trespass, third degree. A third violation of supervision report was filed on the 25th of the month, alleging that Jackson had not reported to probation as ordered and that he had failed to report his misdemeanor arrest or to complete his substance abuse assessment.

Before the violations were resolved, Jackson pled guilty to a second felony, committed while on probation, of theft by unlawful taking ("TBUT"),

automobile, over $1,000 but under $10,000. On September 1, 2022, the court sentenced Jackson to a probated five-year sentence with the requirement that he complete a long-term inpatient substance abuse treatment program. Boyd Circuit Court Action No. 22-CR-00159. On this same date, Jackson admitted to the violations charged in the second and third violation of supervision reports, and he was sentenced to 90 days in jail for contempt, with credit for time served, and again ordered to complete inpatient treatment.

Probation and Parole filed a fourth violation of supervision report on October 7, 2022, alleging that Jackson had left his ordered inpatient treatment without permission, that he had failed to report a change in home address, and that he had concealed his whereabouts. A bench warrant was issued promptly, but Jackson was not arrested until February 28, 2024. On that same date, Probation and Parole filed a fifth, and final, violation of supervision report, alleging that Jackson had a new felony arrest on charges of receiving stolen property, greater than $1,000 but less than $10,000, and of possession of a controlled substance (methamphetamine), first degree.

The court held a revocation hearing for both cases on May 23, 2024. At the hearing, Jackson admitted that he had left his ordered substance abuse treatment program, citing his need to check on his significant other, and he admitted that he had not checked in with Probation and Parole for over a year since

-3-

that time. Jackson stated that, although he had left treatment, he had tried to better himself by obtaining and maintaining employment and by trying to stay out of trouble. Jackson requested that the court consider finding him in contempt instead of revoking his probation.

The court took the matter under submission and then entered a consolidated order on May 24, 2024, revoking Jackson's probation. In the order, the court detailed Jackson's history of violations in both cases as well as his admissions regarding the fourth and fifth violation of supervision reports, the subjects of this appeal. The court then stated that:

> [t]his pattern of conduct cannot be ignored. It goes back to the first day when he failed to report after reaching his sentence. The record is replete with notices that he did not report to the Division of Probation and Parole. He was difficult to obtain a substance abuse assessment, and left his treatment program. The number of violations in this matter clearly indicate that Mr. Jackson cannot be properly managed by the Division of Probation and Parole. In addition, he does present a danger to the community. He has now pled guilty to a misdemeanor, and a second felony since his original felony charge for which he first received probation. He has also now been charged with a second felony since the plea of guilty on the first two felonies. Therefore, his continued criminal conduct does present a danger to the community.

This consolidated appeal timely followed.

## ANALYSIS

On appeal, Jackson contends that the circuit court erred or abused its discretion in revoking his probation as its decision was based upon conduct for which he had already been sanctioned and because it should have instead held him in contempt.

Kentucky Revised Statutes (KRS) 439.3106(1) states that "[s]upervised individuals shall be subject to" the following:

> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

For his first argument, Jackson argues that the court committed reversible error and violated his due process rights when the above cited portion of the order on appeal demonstrates that his probation was revoked for conduct for which he had previously been sanctioned. Jackson admits that this claim of error is unpreserved and requests palpable error review under Kentucky Rules of Criminal Procedure (RCr) 10.26. A palpable error is one resulting in manifest injustice, *i.e.*,

a "probability of a different result or [an] error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). With this standard in mind, we turn to the claim.

Specifically, Jackson asserts that he was revoked for actions that occurred before September 1, 2022, the date when the court continued his probation after he pled to the second and third violation of supervision reports and sentenced him to probation in his subsequent felony. In support of his position, Jackson argues *Northcutt v. Commonwealth*, No. 2006-CA-002196-MR, 2007 WL 3227251, at *1 (Ky. App. Nov. 2, 2007) (unpublished),[1] is instructive.

In that case, Northcutt was on pretrial diversion in Campbell County when he incurred a new felony arrest for a drug charge in Kenton County. *Id.* Northcutt failed to report his arrest, thereby violating the terms of his supervision, and, as a result, the Campbell Circuit Court voided his pretrial diversion, entered a judgment against him, and sentenced him to two years to serve probated for five years. *Id.* Subsequently, Northcutt was convicted of the Kenton County felony drug charge and, on this basis alone, the Commonwealth successfully moved to have his probation revoked. *Id.* On appeal, citing *United States v. Twitty*, 44 F.3d 410, 412 (6th Cir. 1995), a panel of this Court held that Northcutt's due process

---

[1] Pursuant to Kentucky Rule of Appellate Procedure 41, Jackson cites to this unpublished, non-binding case as persuasive authority.

rights to fair notice or warning had been violated because the conduct at issue occurred prior to his probation. *Id.* at *1-2.

*Northcutt* is not applicable to the facts herein. Unlike Northcutt, the basis of Jackson's violation was not conduct predating his probation, but rather, his subsequent admitted failures to comply with supervision and the commission of new felonies. Because Jackson admitted to the violations, the only decision for the court was determining the appropriate punishment. And, as the Supreme Court of Kentucky has explained, while a probationer's "criminal history [can]not be the sole basis for his revocation, it [is] appropriately considered when assessing the risk posed by his continued probation." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). Accordingly, the court did not err in its analysis.

For his second argument, Jackson contends that the court abused its discretion in revoking his probation in lieu of holding him in contempt. To revoke probation, a court must determine by a preponderance of the evidence that the probationer failed to comply with the conditions of his or her supervision, that the failure constitutes a significant risk to his or her prior victims or the community, and that the probationer cannot be appropriately managed in the community. KRS 439.3106(1). We review a court's decision for an abuse of discretion. *Andrews*, 448 S.W.3d at 780 (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). An abuse of discretion occurs if the court's decision was "arbitrary, unreasonable,

unfair, or unsupported by sound legal principles." *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

In support, Jackson argues that there was no evidence that he was a *significant* risk to the community at large given that his new charges of receiving stolen property and possession of a controlled substance did not involve the use of a firearm, violence, or any element of danger. However, Jackson has provided no authority to support this contention, and our caselaw is to the contrary. *See Kendrick v. Commonwealth*, 664 S.W.3d 731 (Ky. App. 2023) (holding that the significant risk criteria was met when the probationer absconded, continued to use illegal drugs, and incurred a new misdemeanor conviction for drug possession); *New v. Commonwealth*, 598 S.W.3d 88 (Ky. App. 2019) (probationer continued to use drugs and falsified drug court paperwork); *Embry v. Commonwealth*, 561 S.W.3d 360 (Ky. App. 2018) (probationer failed to make bona fide efforts to comply with ordered child support payments); *McClure v. Commonwealth*, 457 S.W.3d 728 (Ky. App. 2013) (probationer attempted to alter the results of a drug screen).

As the *McClure* Court stated, although KRS 439.3106(1) requires a finding of "'significant risk,' surely it cannot be further read to require a probationer to commit some heinous act before he can be found to be a risk to someone other than himself. We sincerely doubt the General Assembly intended

-8-

to set so high, and potentially injurious, an evidentiary burden." *Id.* at 733. Accordingly, we conclude that the circuit court's finding of serious risk, supported by Jackson's admissions to absconding for over a year and to incurring new felony charges, is not erroneous.

Finally, we reject Jackson's argument that the court's decision to revoke his probation based on his two new felony charges was arbitrary when it had granted him probation after his TBUT conviction. Under KRS 439.3106, the court is permitted, but not required, to employ lesser sanctions. *McClure*, 457 S.W.3d at 732. The fact that the court used its discretion to be lenient in the past does not render the revocation at issue arbitrary. The court, having found that Jackson posed a significant risk to the community and that he could not be managed therein, did not abuse its discretion in revoking his probation.

## CONCLUSION

For the foregoing reasons, the Judgment of the Boyd Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Kayley V. Barnes                        Russell Coleman
Frankfort, Kentucky                     Attorney General of Kentucky

                                        Kristin L. Conder
                                        Assistant Attorney General
                                        Frankfort, Kentucky