Sonya **LAINHART**, Appellant

v.

**COMMONWEALTH of Kentucky,**
**Appellee**

NO. 2016-CA-001427-MR

Court of Appeals of Kentucky.

NOVEMBER 9, 2017; 10:00 A.M.

BRIEFS FOR APPELLANT: Shannon Dupree, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Mark D. Barry, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: COMBS, JOHNSON, AND D. LAMBERT, JUDGES.

## OPINION

JOHNSON, JUDGE:

Sonya Lainhart ("Lainhart") appeals from an order voiding her pretrial diversion and imposing her three-year sentence for flagrant nonsupport. She argues that the Jackson Circuit Court, in voiding her diversion agreement, made insufficient findings of fact under both *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014), and *Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky. 2011). We agree, and must therefore VACATE AND REMAND for the court to make the required findings.

## BACKGROUND

The facts leading up to the voidance of Lainhart's pretrial diversion are not in dispute. Lainhart pleaded guilty to flagrant nonsupport on September 2, 2014, for which she was placed on felony diversion for five years and ordered to pay arrearages in the amount of $13,021.10, at a rate of $125.00 per month. In April 2015, the Commonwealth moved to set aside the pretrial diversion order, alleging Lainhart had failed to make all of the required child support payments.

At an August 2, 2016 hearing, Jessie Weaver, an employee of the Jackson County Child Support Office, testified that Lainhart was placed on felony diversion on December 3, 2014. Since that time, Lainhart had only made ten child support payments for a total of $1,190.00. She made six payments in 2015 and four payments in 2016. Lainhart's last payment was $160.00 on June 8, 2016.

Lainhart testified in her defense and explained that she has suffered from chronic obstructive pulmonary disease (COPD) since 2007. She has been under the care of Dr. David Hayes, who placed her on complete work restriction six months prior. Before she was placed on work restriction, she had trouble finding a job because she did not have a high school diploma and because she had a felony conviction on her record. Lainhart testified that she has signed up for, but has not yet received, disability income. She stated that she currently lived with her parents and to date they had made all of her child support payments.

Following Lainhart's testimony, the court found that Lainhart had entered into a diversion agreement, failed to pay, and could not effectively be managed in the community because she did not "do what she was supposed to do." The court then voided Lainhart's diversion agreement and Lainhart was taken into custody. In its subsequent written order, the trial court found that Lainhart had violated the conditions of her pretrial diversion because she failed to pay child support as agreed when she pleaded guilty and signed her pretrial diversion agreement. The court concluded that Lainhart could not be managed in the community because she "won't do as she agreed." This appeal followed.

## STANDARD OF REVIEW

On appeal, Lainhart argues the court, in voiding her diversion agreement, failed to

make the requisite findings of fact under both *Andrews* and *Marshall*. However, Lainhart failed to object to either of the alleged errors at the court, and therefore they are not preserved for review. Nevertheless, Lainhart believes that the errors were palpable under Kentucky Rules of Criminal Procedure (RCr) 10.26, which provides:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

 We consider an error palpable "only if it is clear or plain under current law[.]" *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009). Additionally, a palpable error affects the substantial rights of a party "only if it is more likely than ordinary error to have affected the judgment." *Id.* (citations and internal quotation marks omitted). In short, our review boils down to whether we believe "there is a 'substantial possibility' that the result in the case would have been different without the error." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006).

## ANALYSIS

 Lainhart contends that the court's failure to make findings under Kentucky Revised Statutes ("KRS") 439.3106 [1] as required by the Kentucky Supreme Court's holding in *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014), constitutes palpable error. KRS 439.3106 states that probationers shall be subject to:

(1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

In *Andrews*, the Supreme Court explained that decisions regarding probation revocation lie within the sound discretion of the trial judge. *Id.* at 777. However, the Court continued, the trial judge must exercise his discretion within the confines of KRS 439.3106. *Id.* Accordingly, the Court held that before deciding to incarcerate a probationer for violating the terms of her probation, the trial court must consider "[w]hether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community." *Id.* at 780; KRS 439.3106(1). The Court explained:

> By requiring trial courts to determine that a probationer is a danger to prior victims or the community at large and that he/she cannot be appropriately managed in the community before revoking probation, the legislature furthers the objectives of the graduated sanctions schema to ensure that probationers are not being incarcerated for minor probation violations.
>
> . . . .

---

1. In *Helms v. Commonwealth*, 475 S.W.3d 637 (Ky. App. 2015), we held that KRS

439.3106 applies to individuals placed on pretrial diversion.

[T]he application of KRS 439.3106(1) allows the trial court to conclude with some certainty that the imposition of some other accountability measure would be fruitless, as the probationer both poses a risk and is not manageable in the community.

*Id.* at 779-80.

■ For purposes of review, rather than speculate on whether the court considered KRS 439.3106(1), we require courts to make specific findings of fact, either written or oral, addressing the statutory criteria. *McClure v. Commonwealth,* 457 S.W.3d 728, 733-34 (Ky. App. 2015). A requirement that the court make these express findings on the record not only helps ensure reviewability of the court decision, but it also helps ensure that the court's decision was reliable. "Findings are a prerequisite to any unfavorable decision and are a minimal requirement of due process of law." *Rasdon v. Commonwealth,* 701 S.W.2d 716, 719 (Ky. App. 1986) (citing *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).

Lainhart and the Commonwealth agree that the court failed to make requisite findings under *Andrews.* Although the court did make a finding that Lainhart could not be effectively managed in the community because she had not kept up on her child support payments, it failed to make any findings as to whether Lainhart posed a danger to her prior victims or to the community. Therefore, the error here is clear under current law. Furthermore, because the record contains no evidence that Lainhart posed a danger, there is a "substantial possibility" that the result of Lainhart's voidance hearing would have been different without the alleged error. *Brewer,* 206 S.W.3d at 349. Thus, we conclude that the court's failure to make the requisite findings under *Andrews* in this case resulted in a manifest injustice. This

violation of Lainhart's due process rights therefore constitutes palpable error.

■ Lainhart also contends the trial court's failure to make findings under *Marshall* constitutes palpable error. *Marshall* is predicated on the United States Supreme Court's decision in *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). In *Bearden,* the Supreme Court questioned whether a trial court could divest a probationer of his "conditional freedom" when "through no fault of his own, he cannot pay [a] fine." *Id.* at 672-73, 103 S.Ct. at 2073. Finding that it could not, the Court held that before revoking a probationer's probation, a sentencing court must determine reasons for the failure to pay. *Id.* at 672-73, 103 S.Ct. at 2073.

While *Bearden* only mentions the failure to pay fines and restitution, the Kentucky Supreme Court reasoned that child support payments are the equivalent to restitution and, as such, the *Bearden* requirements apply. *Marshall,* 345 S.W.3d at 829. Accordingly, the Court held that before revoking a probationer's probation for his failure to pay child support, due process requires the court to inquire into the reasons for nonpayment. If the nonpayment was not willful, then alternative measures must be considered. *Id.* at 834. Furthermore, the *Marshall* Court held that the evidence the court relied upon in making these determinations must be stated on the record. *Id.* at 833.

Here, Lainhart explained to the court that she could not currently pay her child support because she was physically incapable of working and had not yet received disability payments. She testified that before she became incapable of working, she could not find a job because she did not have a high school diploma and had a felony record. The Commonwealth did not present any evidence contradicting Lain-

hart's testimony. Despite Lainhart's un-controverted explanations, the court void-ed her pretrial diversion because "she won't do as agreed." The court however, failed to make a finding on the record regarding whether the nonpayment was willful, and if not, whether alternative measures would adequately serve the Commonwealth's interests. To deprive Lainhart of her conditional freedom with-out making such findings was a violation of due process. Moreover, based on the un-controverted evidence presented at the voidance hearing, we believe there is a "substantial possibility" that the outcome may have been different absent the court's error. Accordingly, we hold that the the violation resulted in a manifest injustice and was therefore palpable.

### CONCLUSION

In sum, we hold that palpable error resulted from the court's failure to make the required findings of fact as mandated under *Andrews* and *Marshall.* As a result, we vacate the court's order voiding Lain-hart's pretrial diversion agreement. Upon remand, the court shall reconsider the Commonwealth's motion to void Lainhart's pretrial diversion agreement and memori-alize its findings of fact under *Andrews* and *Marshall* in a written order entered in the court record or orally announced by the court upon the official video record.

For the foregoing reasons, the order of the Jackson Circuit Court is vacated and this case is remanded for proceedings con-sistent with this opinion.

ALL CONCUR.