RENDERED:  SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001689-MR

ALYSSA BAGBY                                                          APPELLANT


APPEAL FROM TAYLOR CIRCUIT COURT
v.        HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 19-CR-00197


COMMONWEALTH OF KENTUCKY                               APPELLEE


AND
NO. 2019-CA-001690-MR

ALYSSA BAGBY                                                          APPELLANT


APPEAL FROM TAYLOR CIRCUIT COURT
v.        HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 19-CR-00198


COMMONWEALTH OF KENTUCKY                               APPELLEE


OPINION
REMANDING

** ** ** ** **

BEFORE: GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

GOODWINE, JUDGE: Alyssa Bagby appeals from the Taylor Circuit Court's September 24, 2019 orders revoking her probation. After careful review, we remand for specific findings.

On December 14, 2018, the Oldham Circuit Court placed Bagby on pretrial diversion after she pled guilty to first-degree possession of heroin and first-degree possession of methamphetamine. The diversionary period was to last three years, and Bagby was required to complete drug treatment. During that period, several reports of violations were filed against Bagby.

On April 1, 2019, Bagby was charged with second-degree escape in Oldham County. The Commonwealth moved to revoke her pretrial diversion, arguing Bagby absconded, failed to complete treatment, and was charged with a felony. On August 1, 2019, Bagby pled guilty to the escape charge and was revoked from pretrial diversion. The same day, Bagby pled guilty to first-degree bail jumping under a separate indictment. The Oldham Circuit Court sentenced Bagby to consecutive sentences of three years and two years but probated the sentences for a total of five years. As a condition of probation for both cases, Bagby was required to complete the Taylor County drug court program.

Bagby's cases were transferred to Taylor County. She entered drug court on a Friday and admitted to using "spice" (synthetic marijuana) the next

-2-

Monday. She was terminated from the program. As a result, the Commonwealth moved to revoke Bagby's probation.[1] The Taylor Circuit Court held a probation revocation hearing on September 24, 2019. Ginger Ford, with the Taylor County drug court program, testified on behalf of the Commonwealth. Ms. Ford testified regarding Bagby's brief participation in drug court, including her admitted use of spice and subsequent termination from the program. Bagby did not testify and presented no other testimony.

Following the hearing, the circuit court revoked Bagby's probation. In both its oral and written findings, the circuit court found "by a preponderance of the evidence that [Bagby] violated the terms of her probation by being terminated from drug court because of spice usage."[2] This appeal followed.

On appeal, Bagby argues the circuit court palpably erred in failing to make findings under KRS[3] 439.3106 as required by *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014). KRS 439.3106 provides the criteria for revoking probation:

> (1) Supervised individuals shall be subject to:

---

[1] The Commonwealth's motion was mistakenly titled "Motion to Revoke Pretrial Diversion." Bagby's acceptance into pretrial diversion had been revoked before her cases were transferred to Taylor County.

[2] 19-CR-00197 Record (R.) at 103; 19-CR-00198 R. at 32.

[3] Kentucky Revised Statutes.

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

The Commonwealth asserts the circuit court was not required to make specific findings because "perfunctorily reciting the statutory language in KRS 439.3106 is not enough" under *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015). However, Bagby argues the circuit court was required to "make specific findings under KRS 439.3106(1) regarding the risk posed to prior victims or the community and whether the probationer can be managed in the community" under *Andrews*. 448 S.W.3d at 775.

This Court has repeatedly upheld the notion that specific findings of fact are required to support the trial court's conclusion that a defendant poses a risk to the community and is unmanageable in the community. In *McClure v. Commonwealth*, 457 S.W.3d 728 (Ky. App. 2015), this Court held sufficient evidence supported revocation, and the trial court made sufficient findings as to the

first statutory requirement but not the second requirement. There, the trial court found the defendant "was a 'danger to [the] public' based on his attempt to alter the results of a drug screen." *Id.* at 733. This Court held "the trial court's statements at the conclusion of the hearing . . . demonstrated that the court considered the gravity of McClure's actions and the danger posed by his obvious addiction. This was sufficient." *Id*. As to the second statutory requirement, this Court held "the record is devoid of any express written or oral finding concerning whether McClure could be managed within the community . . . . While evidence existed in the record to support it, the trial court failed to make a finding on this essential second element." *Id.* In sum, "[f]or purposes of review, rather than speculate on whether the court considered KRS 439.3106(1), we require courts to make specific findings of fact, either written or oral, addressing the statutory criteria." *Lainhart v. Commonwealth*, 534 S.W.3d 234, 238 (Ky. App. 2017) (citing *McClure*, 457 S.W.3d at 733-34); *Compise v. Commonwealth*, 597 S.W.3d 175, 180 (Ky. App. 2020). This requirement "not only helps ensure reviewability of the court decision, but it also helps ensure that the court's decision was reliable." *Lainhart*, 534 S.W.3d at 238.

Here, the Commonwealth presented evidence at the revocation hearing that Bagby admitted to using spice and was terminated from drug court. After hearing the evidence presented, the circuit court merely found "by a

preponderance of the evidence that [Bagby] violated the terms of her probation by being terminated from drug court because of spice usage" in both its oral and written findings.[4]  The circuit court's oral ruling and written order revoking Bagby's probation made no mention of the KRS 439.3106 requirements or any related findings.  Without any oral or written findings, we are unable to review the circuit court's decision or determine its reliability.  As such, we hold the circuit court palpably erred in failing to make the required findings under KRS 439.3106.

Although the circuit court should not merely parrot the language of KRS 439.3106, it must support its conclusion with facts from the record in either oral or written findings by showing how Bagby's violation posed a risk to the community or how it proves she cannot be managed in the community.  Thus, although evidence likely exists in the record to support the circuit court's ruling, we hold the circuit court failed to make sufficient, specific findings of fact to support the revocation of Bagby's probation.

For the foregoing reasons, we remand for the entry of specific findings as to whether Bagby's violation of the conditions of her probation constituted a significant risk to her prior victims or the community at large and whether she cannot be properly managed in the community under KRS 439.3106.

---

[4] *Supra* note 2.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky