RENDERED:  MAY 21, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0609-MR

JAMES OAKLEY          APPELLANT

v.        APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN S. LAPE, JUDGE
ACTION NO. 17-CR-01222

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND MCNEILL, JUDGES.

DIXON, JUDGE:  James Oakley appeals the order revoking probation entered by the Kenton Circuit Court on April 17, 2020.  Having reviewed the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On May 8, 2018, Oakley was convicted of possession of a controlled substance first degree[1] and sentenced to two years to serve, probated for three years. On June 14, 2018, the Department of Corrections (DOC) filed a supervision report stating that Oakley had admitted to heroin use, thereby violating the terms of his probation, and recommending that he be assessed for treatment options.

On July 10, 2018, DOC reported that Oakley absconded from the long-term substance abuse treatment facility to which he had been referred, failed to complete treatment for substance abuse, and failed to report to his probation officer. DOC recommended a warrant be issued and Oakley's probation be revoked. On February 12, 2019, DOC reported that Oakley had been arrested on a new charge, robbery first degree,[2] in Fayette County and again recommended revocation of his probation.

A hearing was held on April 13, 2020, regarding DOC's reports of July 10, 2018, and February 12, 2019. Oakley, through counsel, stipulated to the reports and stated that in April 2019, he pled guilty to attempted robbery in the

---

[1] Kentucky Revised Statutes (KRS) 218A.1415, a class D felony.

[2] KRS 515.020, a class B felony.

second degree,[3] promoting contraband in the first degree,[4] and being a persistent felony offender in the second degree.[5]  Oakley's counsel requested that the court continue Oakley's probation and cited his participation in correctional programs, including Anger Management, Moral Reconation Therapy, Substance Abuse Program, Portals, and Inside Out Dad, during his current incarceration as evidence that he could be successful.  The Commonwealth opposed and argued for revocation.

Ruling from the bench, the court made oral findings, noting that prior to sentencing Oakley had failed to report for a meeting regarding his pre-sentence investigation and had a prior criminal offense, a probation violation, and a federal drug charge.  The court observed that Oakley had failed to improve his conduct since his sentencing hearing and, therefore, revoked Oakley's probation, reinstated his two-year sentence, and ordered, over Oakley's objection, that the reinstated sentence run consecutively to his Fayette County sentence.  In closing, the court found that Oakley had a significant criminal history, had a history of non-compliance in this case, had warrants issued against him, had failed to appear before his parole officer, and had been arrested for absconding.

---

[3] KRS 506.010(4)(d) and 515.030, a class A misdemeanor.

[4] KRS 520.050, a class D felony.

[5] KRS 532.080(2).

A written order was entered on April 17, 2020, wherein the court noted Oakley's stipulations to violating his probation by absconding, failing to attend treatment for substance abuse, failing to report as directed to his probation officer, and being arrested on a new felony charge. Based on these actions, the court found that revocation was necessary because Oakley could not be appropriately supervised. Reciting KRS 439.3106, the court further found that Oakley's actions constituted a significant risk to prior victims or the community at large and that Oakley could not be appropriately managed in the community. Oakley timely appealed.

**ANALYSIS**

Oakley's first claim is that revocation was in error where the court rendered merely perfunctory findings which do not support the court's conclusions that he posed a significant risk to the community and that he could not be appropriately managed in the community. Oakley asserts this claim is preserved by his counsel's request that his probation be continued and by the fact these findings are mandated by KRS 439.3106.[6] The Commonwealth disagrees, and citing *Lainhart v. Commonwealth*, 534 S.W.3d 234, 237 (Ky. App. 2017), argues Oakley was required to specifically request additional findings to preserve this

---

[6] In the alternative, Oakley requested a review for palpable error.

claim. We agree with the Commonwealth that the claim is not adequately preserved. Accordingly, our review is limited to whether there was a palpable error that affected Oakley's substantial rights and resulted in manifest injustice. RCr[7] 10.26.

KRS 439.3106(1) requires that a court consider whether a probationer's violation of the conditions of supervision constitutes a significant risk to prior victims or the community at large and whether the probationer can be appropriately managed in the community before deciding to revoke probation. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). Courts must demonstrate their consideration of the statute by rendering either oral or written findings. *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019). Findings which merely recite the statutory language are not sufficient. *Id.* "Rather, '[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met.'" *Id.* (quoting *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015)).

While Oakley takes umbrage with the lack of detailed findings, as noted by the *Gilmore* Court, KRS 439.3106 requires only that the findings be made and supported by evidence. 587 S.W.3d at 631. Herein, the court's remarks

---

[7] Kentucky Rules of Criminal Procedure.

-5-

during the revocation hearing and the express findings of the written order demonstrate compliance with the dictates of KRS 439.3106(1). Moreover, the decision was supported by the evidence in that Oakley was unwilling or unable to complete treatment for his substance use and committed new offenses, including attempted robbery. Accordingly, we find no error.

Oakley's second claim is that the court erred when it ordered his reinstated Kenton County sentence to run consecutively to his new Fayette County sentence. Oakley argues that, pursuant to KRS 533.040(3), the court, as a matter of law, was required to run his sentences concurrently because his probation was not revoked within 90 days of the date the grounds for revocation became known to DOC. The Commonwealth, noting that a court speaks only through its written orders, *Kindred Nursing Centers Limited Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010), argues the claim is not properly before this Court because the judgment is silent on the issue. Alternatively, the Commonwealth argues the court did not err where KRS 533.060(2) mandates consecutive sentencing.

We agree that the claim is not properly before this Court where the judgment does not order consecutive sentencing. As such, we decline to address the matter.

**CONCLUSION**

Therefore, and for the foregoing reasons, the Kenton Circuit Court's order revoking probation is hereby AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Brandon Neil Jewell<br>Frankfort, Kentucky | Daniel Cameron<br>Attorney General of Kentucky |
| Molly Mattingly<br>Frankfort, Kentucky | E. Bedelle Lucas<br>Assistant Attorney General<br>Frankfort, Kentucky |