RENDERED:  SEPTEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1484-MR

AMY HUDSON                                                                                    APPELLANT

v.         APPEAL FROM BREATHITT CIRCUIT COURT
           HONORABLE LISA HAYDEN WHISMAN, JUDGE
           ACTION NO. 19-CR-00070

COMMONWEALTH OF KENTUCKY                                                    APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  TAYLOR, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Amy Hudson ("Appellant") appeals from an order of

the Breathitt Circuit Court voiding her court-ordered diversion program.  She

argues that the circuit court erred in failing to make specific findings in support of

voiding the order of diversion per Kentucky Revised Statutes ("KRS")

439.3106(1).  After careful review, we conclude that the circuit court erred in

voiding the order of diversion without making findings.  As such, we reverse the

order on appeal, and remand the matter for findings in conformity with KRS 439.3106(1).

## FACTS AND PROCEDURAL HISTORY

Late in the evening on July 4, 2019, Kentucky State Trooper Matthew Day observed Appellant driving her vehicle erratically on Kentucky Highway 15 in Breathitt County, Kentucky. Trooper Day conducted a traffic stop and Appellant consented to a search of her vehicle. During the search, the trooper found a drug pipe with a crystalline substance. Trooper Day arrested Appellant on charges of possession of drug paraphernalia and driving under the influence of intoxicants (third offense), as well as six traffic offenses including failure to wear a seatbelt and operating a vehicle without a license.

On July 12, 2019, the Commonwealth's Attorney filed an information in lieu of indictment charging Appellant with one count each of possession of a control substance in the first degree and driving under the influence of intoxicants (third offense).[1] Appellant accepted a plea offer and received a sentence of two years in prison to be diverted[2] for two years, a $500 fine, and substance abuse treatment.

---

[1] KRS 218A.1415 and KRS 189A.010.

[2] KRS 533.250 and KRS 533.258.

Appellant was noncompliant with the terms of her diversion. On June 29, 2020, Probation and Parole Officer Starla S. Anderson filed a violation of supervision report. Office Anderson alleged that Appellant failed to report by telephone in June 2020, failed to pay any drug testing fees, failed to complete drug treatment, and failed a drug screen (positive for methamphetamine and suboxone). On July 18, 2020, the circuit court issued a warrant for Appellant's arrest, which apparently was never executed in part due to the COVID-19 pandemic.

On January 29, 2021, Officer Anderson filed another violation of supervision report, alleging that Appellant absconded, failed to report to the probation and parole officer as directed, and failed to complete substance abuse treatment. A hearing on the second violation report was conducted on November 5, 2021, resulting in the circuit court finding that Appellant had absconded and failed to complete treatment. On November 19, 2021, the circuit court voided Appellant's diversion and sentenced her to two years in prison to be probated for two years on the condition that Appellant enroll in drug treatment for more than six months. This appeal followed.

## STANDARD OF REVIEW

The "statutes and regulations applicable to revocation of probation and for voiding a pretrial diversion agreement are the same." *Helms v. Commonwealth*, 475 S.W.3d 637, 641 (Ky. App. 2015). Revocation of pretrial

diversion, like revocation of probation, is reviewed for abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). Abuse of discretion is found where the decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Breathitt Circuit Court committed reversible error by voiding her diversion without making specific findings to support the order as required by KRS 439.3106(1). She contends that KRS 439.3106(1) requires express findings that 1) her failure to comply with supervision constitutes a significant risk to prior victims of the supervised individual or others, and 2) she cannot be managed in the community at large. Appellant directs our attention to supportive case law which she argues holds that the findings cannot be implied from the actions taken by the circuit court, but must be expressly made either orally or in writing. She asserts that as these findings are a necessary prerequisite to an order voiding diversion, and as the required findings were not made below, she is entitled to an opinion reversing the order and remanding the matter for further proceedings.

KRS 439.3106 states in relevant part:

(1) Supervised individuals shall be subject to:

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community[.]

In addition,

[f]or purposes of review, rather than speculate on whether the court considered KRS 439.3106(1), *we require courts to make specific findings of fact, either written or oral, addressing the statutory criteria.* A requirement that the court make these express findings on the record not only helps ensure reviewability of the court decision, but it also helps ensure that the court's decision was reliable. *Findings are a prerequisite to any unfavorable decision and are a minimal requirement of due process of law*.

*Lainhart v. Commonwealth*, 534 S.W.3d 234, 238 (Ky. App. 2017) (emphasis added) (internal quotation marks and citations omitted).

Thus, when voiding diversion the circuit court must make express findings, either written or oral, that the individual's failure to comply with supervision constitutes a significant risk to prior victims of the supervised individual or the community at large, and that the individual cannot be managed in the community.

When addressing the second motion to void diversion, the circuit court made handwritten notations on Court of Justice form AOC-346 ("Order

-5-

Voiding Pretrial Diversion of a Class D Felony"). When prompted to state how Appellant had violated the conditions of pretrial diversion, the court wrote "absconding supervision" and "failure to complete treatment @ Blue Sky."

The question for our consideration is whether these responses satisfy KRS 439.3106 and *Lainhart*. We conclude that they do not. *Lainhart* requires "courts to make specific findings of fact . . . addressing the statutory criteria" so that an appellate court is not reduced to speculation. *Lainhart*, 534 S.W.3d at 238. The court's responses on form AOC-346 do not address whether Appellant's failure to comply with supervision constitutes a significant risk to prior victims of the supervised individual or the community at large, nor whether she can be managed in the community. Though we may infer from the handwritten notations on form AOC-346 that the circuit court believed the statutory elements were met, the statute and case law do not allow for such an inference. *Id.*

The Commonwealth asserts that *New v. Commonwealth*, 598 S.W.3d 88, 90 (Ky. App. 2019), holds that an appellate court can review the trial judge's decision and rule that the elements of KRS 439.3106(1) were clearly present, even if the trial judge did not make specific findings. We do not read *New v. Commonwealth* as so holding. The circuit court in *New* made express, oral findings that the individual presented a danger to others and could not be managed in the community. *New*, 598 S.W.3d at 89 ("Without elaboration, the trial court

orally found New could not be managed in society and presented a danger to himself and others[.]"). On appeal, the panel of this Court held that "before revoking probation a trial court must make two findings under . . . [KRS] 439.3106(1)." *Id.* at 90. The panel noted, however, that these findings can be made without explanation. "A trial court is not required to provide explanations for those findings; instead, it must only make the findings, which must be supported by the evidence of record." *Id.* (internal quotation marks and citation omitted). *New* reaffirms that the circuit court must make express written or oral findings, that the findings may not be inferred from the order, and that they must be supported by the record. These requirements ensure that the court's decision is reliable and are a minimal requirement of due process of law. *Lainhart*, 534 S.W.3d at 238.

## CONCLUSION

The Breathitt Circuit Court did not make oral or written findings in conformity with KRS 439.3106(1) and *Lainhart*. For this reason, we reverse the order voiding Appellant's diversion and remand the matter for additional findings and proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kayla D. Deatherage
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky