RENDERED: JULY 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0471-MR

ANTONIO SALLEE                                                                    APPELLANT

v.
APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE JOHN L. ATKINS, JUDGE
ACTION NO. 17-CR-00166

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE: Antonio Sallee ("Appellant") appeals from an order of the Christian Circuit Court revoking his shock probation. He argues that the circuit court erred in revoking his probation without complying with the mandatory requirements for revocation as set out in Kentucky Revised Statutes ("KRS") 439.3106. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

In 2018, a Christian County grand jury indicted Appellant on various charges of sodomy, rape, and incest involving Appellant's two minor step-granddaughters. The matter proceeded to a jury trial, which resulted in a mistrial when the jury was unable to reach a verdict on all charges. A second trial was conducted later that year, resulting in a verdict of guilty on one count of sexual abuse, six counts of sodomy, one count of rape, and seven counts of incest. Appellant received a total sentence of 70 years in prison.

Appellant appealed his conviction to the Kentucky Supreme Court. The Supreme Court reversed and remanded upon finding that the circuit court erred in allowing the Commonwealth to add 10 new unindicted charges to the second trial. The Court also found that there were errors in the jury instructions and the circuit court erroneously tried Appellant on four charges that were previously dismissed at the first trial. The matter was remanded to the circuit court.

Thereafter, and pursuant to a plea offer, Appellant entered a guilty plea on April 26, 2021, to one count of sexual abuse in the first degree and two counts of incest.[1] The Commonwealth recommended a sentence of 20 years on each of the counts of incest to be served consecutively, and three years on the

---

[1] KRS 510.110 and KRS 530.020.

count of sexual abuse to be served concurrently for a total sentence of 40 years in prison. The Commonwealth agreed to a joint motion of shock probation after Appellant's service of 180 days in custody. The circuit court accepted the plea, and placed Appellant on probation for five years after his release.

On February 8, 2022, Appellant's probation officer, Megan Goss, filed a Violation of Supervision Report finding that Appellant violated the terms of his probation. In support of the report, Ms. Goss stated that Appellant failed to inform his employer of his sexual offenses as required by the terms of the probation. Ms. Goss also stated that Appellant was employed at Freddie's Frozen Custard & Steakburgers with minors in violation a no-contact provision. Finally, she also reported that Appellant told her that he was employed at Freddie's Frozen Custard & Steakburgers on February 7, 2022, when his employment was actually terminated on February 5, 2022.

On March 24, 2022, the circuit court conducted a probation revocation hearing. In response to the Commonwealth's claim that Appellant violated the terms of his probation, Appellant asserted that he was unaware that any of his fellow employees at Freddie's were minors, and as soon as he learned of this fact he quit his employment. Appellant argued that though the terms of his probation barred him from employment at certain types of businesses, Freddie's restaurant was not such a business. While Appellant admitted that he did not inform his

employer of his status as sex offender, he claimed his employer and co-workers were aware of his status because some co-workers found his name on an online sex offender registry. Further, Appellant noted that the terms of his probation ambiguously stated that he "may" be required to inform his employer of his sex offender status. As to the claim that Appellant told Ms. Goss on February 7, 2022, that he was still employed at Freddie's though his last day of employment was actually February 5, 2022, Appellant stated that he truthfully told Ms. Goss that he worked 24 hours "last week."

After the hearing, the circuit court entered a calendar order stating the following:

> Based on the evidence the Court finds that revocation of probation is justified and that the violations were proven. The defendant presents a significant community risk and can no longer be properly supervised in the community. KRS 439.3106[.] His probation is revoked and he is remanded to the custody of the Kentucky Department of Corrections.

On March 25, 2022, the circuit court memorialized the calendar order by entering an order revoking Appellant's shock probation. In support of the order, the court cited the testimony adduced at the hearing and Ms. Goss's affidavit in finding that, pursuant to KRS 439.3106(1), Appellant violated the terms and conditions of his release, and that his conduct created a significant risk to the

community that prevents appropriate community management. This appeal followed.

## STANDARD OF REVIEW

We review an order revoking probation for abuse of discretion. *Commonwealth v. Gilmore*, 587 S.W.3d 627, 629 (Ky. 2019). Discretion allows a court "to make a decision – of *its* choosing – that falls within a range of permissible decisions." *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004) (emphasis in original) (internal quotation marks, footnote, and citation omitted). An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, argues that the Christian Circuit Court erred in revoking his shock probation without complying with the mandatory criteria set out in KRS 439.3106. Specifically, Appellant asserts that the court erred in failing to make specific findings in support of its conclusion, and should have found from the record that the Commonwealth failed to demonstrate that Appellant violated his probation. He also argues that his employer and fellow employees were aware of his sex offender status even though he never expressly communicated this fact to them, and that the probation condition stating "I may be

required to notify my employer(s)" is ambiguous. He further asserts that he properly reported to Ms. Goss the fact that he worked 24 hours in the week prior to leaving his employment. The substance of Appellant's claim of error is that the Commonwealth failed to prove a probation violation and the circuit court erred in failing to make specific findings in support of its conclusion.[2]

KRS 439.3106(1) states,

> Supervised individuals shall be subject to:
>
>> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>>
>> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

A trial court is required to make findings of fact, either written or oral, addressing the statutory criteria for probation revocation. *Lainhart v.*

---

[2] The Commonwealth argues that Appellant did not properly preserve for appellate review the claim that the circuit court did not make sufficient findings, and that the court improperly failed to consider graduated sanctions. Per *K.M.J. v. Cabinet for Health and Family Services*, 503 S.W.3d 193, 196 (Ky. App. 2016), we will disregard any lack of preservation and proceed with the review.

*Commonwealth*, 534 S.W.3d 234, 238 (Ky. App. 2017). In the matter before us, the Christian Circuit Court made oral findings that,

> [b]ased on the evidence, I believe the allegations have been proven with sufficient specificity to warrant revocation of the defendant's probation. And I find that he presents a risk to the community particularly by his normal risk factors plus those engendered by being a sex offender and being required to register.

In its calendar order and order entered March 25, 2022, the circuit court found that the evidence proved that Appellant violated the terms of his probation. It found that based on the evidence presented at the hearing, the alleged probation violations were proven. KRS 439.3106(1). It determined that Appellant presented a significant community risk, that he can no longer be properly supervised in the community, and that the revocation of Appellant's probation was justified. *Id.* In support of these findings and conclusions, the court expressly referenced KRS 439.3106(1). The court concluded that Appellant violated two supplemental conditions of his probation and provided false information to his parole officer. We conclude that the Christian Circuit Court made findings sufficient to satisfy KRS 439.3106(1) and *Lainhart*.

The question then becomes whether the circuit court's decision fell within the wide range of permissible decisions per *Miller*, *supra*. We must answer this question in the affirmative. Ms. Goss and the Commonwealth asserted that

-7-

Appellant violated the terms of his probation by failing to inform his employer of his sex offender status. Appellant admitted the veracity of this claim, though he asserted that the equivocal "may" wording of the probationary language was ambiguous. Ms. Goss then testified that she tells each of her probationers that they must notify an employer of his or her sex offender status. As such, the circuit court was presented with evidence that Appellant was instructed to inform employers of his sex offender status, and that he failed to comply with that instruction. This evidence, taken alone, demonstrates that the circuit court's ruling did not constitute an abuse of discretion, *i.e.*, that it was not arbitrary, unreasonable, unfair, nor unsupported by sound legal principles. *English*, *supra*.

The claim that Appellant was employed with minors in violation of the terms of his probation is also supported by the record. Testimony was adduced that Appellant's employer, Freddie's Frozen Custard & Steakburgers, employed more than one minor during the course of Appellant's employment. The prohibition against contact with minors is broadly worded to include not only direct contact, but also visual contact and indirect contact through third parties. The circuit court implicitly determined that Appellant had at least visual or indirect contact with minors during the course of his employment, as Appellant and the minors were all employed at the restaurant at the same time. Again, the salient question is whether, based on the totality of the record, the circuit court's decision

-8-

was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *English*, *supra*. We conclude that it was not.

Similarly, though Appellant sought to explain his communication with Ms. Goss regarding his employment status on February 7, 2022, the testimony adduced at the hearing on this issue was sufficient to support the circuit court's conclusion that Appellant provided false information to Ms. Goss. That is to say, the decision fell within the wide range of permissible decisions supported by the evidence. *Miller*, *supra*.

Lastly, Appellant argues that the circuit court erred in failing to consider alternative sanctions. He contends that he was compliant with his probation requirements and had demonstrated that he could be appropriately managed in the community. Citing *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014), Appellant argues that if the evidence proved probation violations, alternative sanctions other than revocation would still maintain public safety and hold Appellant accountable while reducing recidivism and criminal behavior.

In enacting KRS 439.3106(1), the Legislature employed disjunctive language setting out the range of possible outcomes for probation violation. That is to say, trial courts were granted the authority to order "incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at

-9-

large," *or* "[s]anctions other than revocation[.]" The statutory language does not favor one outcome over the other, but directs the court to consider the severity of the behavior and risk of future criminal behavior by the offender in fixing the penalty for probation violations. Appellant entered a guilty plea to one count of first degree sexual abuse, and two counts of incest. The victims of the crimes were minors. It was in this context that the circuit court considered the evidence that Appellant chose a work environment which placed him in direct or indirect contact with minors.

Again, the question for our consideration is whether the Christian Circuit Court abused its discretion by choosing probation revocation over alternative sanctions which would keep Appellant in the community. Based on the evidence presented at the hearing and the totality of the record, we cannot conclude that the circuit court's decision to revoke Appellant's probation was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *English*, *supra*. As such, we find no error.

## CONCLUSION

For these reasons, we affirm the order of the Christian Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Roy Alyette Durham II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky